**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARKETING PARTNERS GROUP LLC, | ) | CASE NO. 5:20-cv-1163 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CURTIS INTERNATIONAL, LTD., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Curtis International, Ltd. ("Curtis" or "defendant") to dismiss for lack of personal jurisdiction. (Doc. No. 7 ["Mot."].)[1] Plaintiff Marketing Partner Group LLC ("MPG" or "plaintiff") filed a memorandum in opposition (Doc. No. 12 ["Opp'n"]) and Curtis filed a reply (Doc. No. 13 ["Reply"]). For the reasons set forth herein, Curtis' motion is denied.

**I.    Discussion**

**A.    Background**

On May 28, 2020, MPG filed its complaint against Curtis alleging state law claims of breach of contract, violation of Ohio Rev. Code § 1335.11 (the Ohio Sales Commission Statute), and unjust enrichment/quantum meruit, allegedly based on diversity jurisdiction. (Doc. No. 1, Complaint ["Compl."].)

---

[1] Curtis' motion also argues that venue is improper due to a forum selection clause in the purported contract; however, as Curtis has voluntarily withdrawn that argument (*see* Doc. No. 9), it need not be addressed.

MPG alleges that it is "a manufacturer representative company[,]" that Curtis "is a manufacturer and distributor of consumer electronic appliances[,]" and that "the parties entered into an express and/or implied contract for [MPG's] services[,]" (Compl. ¶¶ 9, 10, 16), an unexecuted copy of which is attached to the complaint. MPG further alleges that it served as Curtis' "sales representative to accounts including, but not limited to Big Lots," "which is headquartered in Ohio." (*Id.* ¶¶ 4, 17.) According to MPG, Curtis "was to pay [MPG] a commission on [Curtis'] net sales to the accounts, ranging from 1% to 2%[,]" but that Curtis "has consistently underpaid, paid late, and/or not paid [MPG] its commissions when due." (*Id.* ¶¶ 18, 25.)

The parties agree that Curtis is a foreign entity organized under Canadian law with its principal place of business in Ontario, Canada.[2] (Compl. ¶ 2; Mot. at 38.[3]) In its motion, Curtis asserts that the complaint fails to allege sufficient factual allegations to establish that Curtis is subject to personal jurisdiction in Ohio and that any attempt by this Court to exercise personal jurisdiction over Curtis would not be consistent with due process requirements. (Mot. at 42.)

### B.    Applicable Law and Analysis

MPG bears the burden of establishing that this Court has personal jurisdiction over Curtis. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). When faced with a properly supported Rule 12(b)(2) motion, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (emphasis added).

---

[2] The complaint alleges that MPG is an Ohio limited liability company with its principal place of business in Akron, Ohio (Compl. ¶ 1), and by declaration, John Churney attests that he is both the sole member of MPG and an Ohio resident (Doc. No. 12-1, Declaration of John Churney ["Churney Decl."] ¶¶ 3, 4).

[3] All page number references are to the page identification number generated by the Court's electronic docketing system.

Where, as here, the Court considers the motion purely on the basis of the written submissions, which is within its discretion, it must then view the affidavits, pleadings and related documentary evidence in the light most favorable to the plaintiff, and "the plaintiff need only make a *prima facie* showing of jurisdiction." *Bird*, 289 F.3d at 871. The Court, however, is not precluded from considering undisputed factual representations of the defendant that are consistent with the representations of the plaintiff. *Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 153 (6th Cir. 1997).

"A valid assertion of personal jurisdiction must satisfy both the state long-arm statute, and constitutional due process." *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). "Unlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) (citing cases). Under Ohio Rev. Code § 2307.382(A), Ohio courts may exercise personal jurisdiction over a non-resident defendant if his conduct falls within one or more of the nine bases for jurisdiction enumerated by the statute.[4] *Conn*, 667 F.3d at 712.

Even assuming, arguendo, that the requisites for state-law jurisdiction have been met, that "does not end the inquiry: the Due Process Clause requires that the defendant have sufficient 'minimum contact[s]' with the forum state so that finding personal jurisdiction does not 'offend traditional notions of fair play and substantial justice.'" *Id*. (alteration in original) (citations omitted).

---

[4] In support of personal jurisdiction, plaintiff points to Ohio's long-arm statute, which provides, in relevant part, that "a person who enters into an agreement, as a principal, with a sales representative for the solicitation of orders in this state is transacting business in this state." Ohio Rev. Code § 2307.382(B).

3

For due process purposes, there are two types of personal jurisdiction: general and specific. *Nationwide Mut. Ins. Co.*, 91 F.3d at 793. General jurisdiction exists when a defendant's "contacts with the forum state are of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank v. WEDGE Grp. Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). This is referred to as the defendant being "at home in the forum state." *BNSF Ry. Co. v. Tyrrell*, — U.S. —, 137 S. Ct. 1549, 1552, 198 L. Ed. 2d 36 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 126, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014)). MPG concedes that Curtis, organized under the laws of Canada and headquartered there, is not subject to general jurisdiction in Ohio. (Opp'n at 100.)

Specific jurisdiction, on the other hand, exists when the plaintiff's claims arise out of, or relate to, the defendant's contacts with the forum state. *Daimler*, 571 U.S. at 127, 134 S.Ct. 746 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n.8, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, — U.S. —, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)).

The Sixth Circuit has devised a three-part test for determining the outer limits of *in personam* jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant

or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Nationwide Mut. Ins. Co.*, 91 F.3d at 794 (citation omitted). Further, where, as here, the defendant challenging personal jurisdiction is a Canadian entity, the Supreme Court has cautioned that "'[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.'" *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 115, 107 S. Ct. 1026, 1034, 94 L. Ed. 2d 92 (1987) (quoting *United States v. First Nat'l City Bank,* 379 U.S. 378, 404, 85 S. Ct. 528, 542, 13 L. Ed. 2d 365 (1965) (Harlan, J., dissenting)).

MSG argues that the purported contract between it and Curtis meets the tri-part test and is a sufficient basis for exercising specific jurisdiction over Curtis. (Opp'n at 70 (citing *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998) (where "a nonresident defendant transacts business by negotiating and executing a contract via telephone calls and letters to an Ohio resident, then the defendant has purposefully availed himself of the forum by creating a continuing obligation in Ohio.")).)

Curtis challenges the existence of the alleged contract between the parties but nonetheless argues that the contract, by itself, does not establish the purposeful availment requirement for specific jurisdiction. (Mot. at 45.)[5] In particular, Curtis asserts that MPG has alleged no facts tending to show that its claims arise out of any purported activities of *Curtis* in Ohio given that the

---

[5] According to the contract attached to MPG's complaint as Exhibit A (Doc. No. 1-1 at 13–14), which appears to bear the signature of John Churney, the sole member of MPG, one of the "material terms" of the contract between these parties was that they "consent[ed] to the exclusive jurisdiction of the courts located within the Province of Ontario for the resolution of any dispute arising hereunder." An unsigned copy of the contract is also attached to Churney's declaration. (Doc. No. 12-1 at 82–83.) As already noted, Curtis has expressly abandoned any defense based on this forum selection clause. (*See* Doc. No. 9 at 51.)

only connection between the contract and Ohio is *MPG*'s address. (*Id.*) Relying on *Ahkeo Labs LLC v. Plurimi Inv. Managers, LLP*, 293 F. Supp. 3d 741, 754 (N.D. Ohio 2018), Curtis argues that, where the defendant is a foreign entity, communications between parties to a contract "are not enough to establish personal jurisdiction[]" because the foreign party "presumably would have been pleased to communicate with" the local party "wherever the latter wished." (Mot. at 45–46.) Curtis points out that the "minimum contacts" analysis looks to "'contacts that the defendant *himself* creates with the forum state.'" (Reply at 101 (quoting *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 188 L. Ed.2d 12 (2014) (emphasis in original)). As explained by the Supreme Court, it has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff . . . and the forum State." *Walden*, 571 U.S. at 284.

Although Curtis relies upon *Ahkeo Labs*, which the Court finds distinguishable on its facts, *Ahkeo Labs*, in turn, relies upon another more instructive case. In *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386 (6th Cir 1997), a Michigan consulting firm brought an action against a French corporation, a Swiss corporation, and two individuals—one a Swiss resident and the other an Austrian resident—for alleged misappropriation of the design of a manufacturing plant in France (which had been coordinated by the plaintiff consulting firm pursuant to a letter agreement negotiated in Switzerland). The Michigan district court dismissed the action, concluding that "the [Michigan] contacts of each defendant are sufficiently tenuous so that imposing this forum upon them would constitute a denial of their right to substantial justice." *Id.* at 387. The Sixth Circuit affirmed.

6

The court in *Euroglas* noted that it was not a case where defendant was "attempting to exploit any market for its products in Michigan, [that] the company presumably would have been pleased to communicate with [plaintiff] wherever the latter wished[,]" and that "it was purely fortuitious that [plaintiff] happened to have a Michigan address." *Id*. at 395. By contrast, on the record as it stands in the instant case, it appears that Curtis *was* "attempting to exploit . . . market[s] for its products in [Ohio.]"

In the declaration of MPG's principal filed in support of its opposition brief, MSG recounts the following history:

6. Prior to organizing Marketing Partners Group LLC in August of 2018, I worked for Brennan and Howard Inc. located in Fairlawn, Ohio as a manufacturers' sales representative. Brennan and Howard Inc. is a manufacturers' sales representative agency.

7. I first met and represented the Defendant, Curtis International Ltd., through my employment with Brennan and Howard, over two decades ago.

8. *During my employment with Brennan and Howard, my responsibilities included representing Defendant as a sales representative in the state of Ohio for the purpose of soliciting orders in Ohio for the sale of Defendant's products to accounts located in Ohio.*

9. After representing Defendant through Brennan and Howard for approximately two decades, I started Marketing Partners Group LLC.

10. *All of the manufacturers that I represented while working for Brennan and Howard, including the Defendant, chose to continue their sales representative relationship with me and my new company, Marketing Partners Group LLC.*

11. *Although I/Plaintiff initially worked with Defendant under a verbal agreement and understanding, in essentially the same fashion as Defendant's prior agreement with Brennan and Howard, we (Plaintiff and Defendant) ended up memorializing the material terms of our agreement in a written "Sales Agent (cy) Agreement" (hereinafter "Agreement") in the end of August, beginning of September 2019.*

7

(Churney Decl. (emphases added).) Thus, through its principal Churney, MPG has asserted that the parties, either verbally or in writing, agreed to the "material terms" as set forth in the agreement attached to the complaint and Churney's declaration. Although Curtis challenges the existence of the *written* agreement, it does not dispute that it had agreed to the "material terms." Therefore, the Court must look to the "agreement" for those terms when deciding the question of Curtis' "minimum contacts" with Ohio.

Curtis correctly notes that the "material terms" between the parties do not state that MSG should solicit business in Ohio nor define any "territory," much less a territory that includes Ohio. (Reply at 105.) Rather the "material terms" simply list certain accounts assigned to MSG. Curtis claims that MSG's choice to sell in Ohio does not establish *Curtis'* activities in the forum state and if this Court were to find that it did, it would relax the "'strength of the requisite connection between the forum and the specific claims at issue.'" (*Id*. at 103–04 (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, — U.S. —, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017)).)

But Curtis overlooks the fact that by contract, either verbal or written, it allegedly assigned certain accounts to MPG, several of which (*i.e.*, Big Lots, Micro Center, MAS Inc., and TravelCenters of America) were not only headquartered in Ohio, but also "have their buying offices [in Ohio]." (Churney Decl. ¶¶ 15–16.) It is unclear from the record whether Curtis, in allegedly assigning these "Ohio" accounts to MPG, was attempting to exploit a market for its products in Ohio or directing that MPG solicit orders in Ohio as alluded to in Churney's affidavit. This, arguably, is sufficient to establish "purposeful availment."

Although the question of personal jurisdiction over Curtis is somewhat of a close call, and although acknowledging the admonition of the Supreme Court in *Asahi Metal Indus. Co.* that

8

"'[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field[,]'" 480 U.S. at 115, the Court concludes that, at this juncture, MPG has met its burden of establishing the requisite connection between Curtis and the forum state. Therefore, on the record as it currently stands, and viewed in a light most favorable to MPG, Curtis is not entitled to the dismissal it seeks. With discovery on this issue and further development of the record, the evidence may indicate that there was no "purposeful availment" by Curtis.

## II.    Conclusion

For the reasons set forth herein, the motion to dismiss for lack of personal jurisdiction (Doc. No. 7) filed by defendant Curtis International, Ltd. is **denied** without prejudice to renewal should developing discovery so warrant. Curtis is directed to file its answer to MPG's complaint by April 9, 2021. By separate order, the Court will schedule a telephonic Case Management Conference.


**IT IS SO ORDERED**.

Dated: March 24, 2021

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

9